## Cloder v. Horvath

*John A. Roe,* for plaintiff.

*Thomas D. Caldwell, Jr.,* and *Caldwell, Fox & Stoner,* for defendant.

*James K. Thomas* and *Hull, Leiby & Metzger,* for additional defendant.

KREIDER, J., March 26, 1962.—We have before us the motion of the defendant, Jeanette Horvath, for a protective order under Pa. R. C. P. 4012. Plaintiffs, Maurice J. Cloder and Zelda Cloder, his wife, insti-

tuted an action in trespass for injuries sustained by them when an automobile operated by plaintiff Maurice J. Cloder, and in which his wife, Zelda Cloder, was a guest passenger, collided wth an automobile driven by the defendant, Jeanette Horvath. The alleged negligence of the defendant driver is set forth in paragraph 11 of the complaint. Subsequent to the filing of the complaint, the defendant severed Maurice J. Cloder as a plaintiff and joined him as an additional defendant to his wife's claim. Thereafter, the additional defendant Cloder served on the original defendant, Jeanette Horvath, notice of his intention to take her oral deposition pursuant to the Pennsylvania Rules of Civil Procedure, and included in said notice, as within the scope of the intended examination, "all matters and things pertaining to the manner of the happening of the accident," and "all matters and things with respect to the injuries and damages claimed to have resulted therefrom."

At the time of the deposition, defendant, Jeanette Horvath, testified concerning her injuries and damages, but refused, on advice of counsel, to testify concerning any matters pertaining to the manner of the happening of the accident; whereupon the present motion for a protective order was filed and the matter placed on the argument list.

The question raised by the instant proceeding is whether the additional defendant, Cloder, who was the operator of one of the cars involved in the collision and whose complaint sets forth in considerable detail the alleged negligence of defendant, may now question defendant as to "all matters and things pertaining to the manner of the happening of the accident."

Defendant bases her motion for a protective order on her contention that a "party is not allowed to pretry a case by deposition where the facts concerning an accident are equally accessible to all." Additional de-

fendant's position, on the other hand, is that since the amendment of Rule 4011, which became effective July 1, 1954, entirely deleted sub-division (c) therefrom, he may interrogate the original defendant as to the manner in which the accident happened, and that such interrogation is now permissable under the amended rule if it is relevant and will substantially aid him in the preparation or trial of this case.

It is conceded that before 1954 such questioning would not have been allowed under the old Rule 4011-(c), which prior to its amendment read in relevant part as follows: (365 Pa. XLIII)

"No discovery or inspection shall be permitted which . . .

"(c) Would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which

"(1) are not relevant and material to the subject matter of the pending action;

"(2) are not competent or admissible as evidence;

"(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have;

"(4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner; . . ."

The changes effected by the 1954 amendments with respect to Rule 4011(c) are succinctly stated in 4 Goodrich-Amram, §4011-2, p. 202:

"The mechanical changes made in 1954 are simply the *deletion* of the *original sub-section (c)* and relettering of the following sub-sections accordingly. The remaining five sub-sections are entirely unchanged. *Yet the effect of the deletion of the original* sub-section (c) is perhaps *the most important of all* the 1954 amendments.

"It operated to delete from the limitations on discovery the categories of 'material', 'competent', 'admissible as evidence', 'known to the petitioner', 'means of obtaining knowledge of which (the petitioner) can be reasonably expected to have', 'necessary' and 'prima facie claim or defense'. The only original category which is retained is that of *'relevant'*, which has *been transposed to Rule 4007* and the new category of 'will substantially aid in the preparation of the pleadings or the preparation or trial of the case' has been added in that Rule."[*]

Rule 4007 (a) provides:

"(a) ... Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

The broadening of discovery by the 1954 amendments of the Rules is further commented upon in 4 Goodrich-Amram, §4007(a)-11, p. 109:

"Every one of these limitations has been deleted in the 1954 amendments except the requirement of *'relevancy'*. The only new limitation is the requirement that the discovery must *'substantially aid* in the preparation of the pleadings or the preparation or trial of the case.' This is a far cry from the language of the original Rule 4011 (c)."

The liberalization of the discovery rules does not mean, however, that the party seeking to invoke them is entitled to obtain a script of his adversary's case and thus in effect force the latter to undergo two trials.

In 4 Goodrich-Amram, §4007(a)-19, page 120, it is stated:

---

[*] Italics throughout ours unless otherwise noted.

" . . . It is still the rule in Pennsylvania that neither side is entitled to a 'script for the trial' from the adversary. That is exactly what the federal system permits; that is exactly what the 1951 Rules deny *and what the 1954 amendments continue to deny* . . . "

In comparing the amended Pennsylvania Discovery Rules with the Federal Discovery System, 4 Goodrich-Amram, §4005-3, page 56, states:

" . . . The result is a system of discovery more liberal than under the prior practice, *but which does not go the full length of the federal system.* This follows naturally from the decision previously made not to adopt the notice-pleading concept, but to retain the historic Pennsylvania system of fact-pleading."

In the instant case, Cloder, as above stated, was operating the automobile in which his wife was a passenger. In their complaint, the Cloders set forth the time and place where the collision occurred; that defendant Horvath was operating her vehicle southwardly on Fargreen Road in Susquehanna Township, Dauphin County, and that plaintiff Cloder was operating his vehicle in a northwardly direction; that defendant negligently operated her vehicle so that it "crossed over on to the wrong side of the road for southbound traffic and crashed into the vehicle driven by Maurice J. Cloder"; that defendant Horvath operated her vehicle at an excessive rate of speed; failed to maintain a reasonable lookout for the presence of other vehicles on the highway; drove on the left or wrong side of a two-way highway; at a speed and in a manner which prevented her from bringing her automobile to a stop within the assured clear distance ahead; and in failing to yield one-half of the highway to plaintiff, Maurice J. Cloder.

Defendant Horvath in her complaint against additional defendant averred that Cloder failed to have his

automobile under such control that he could stop within the assured clear distance ahead; that at the time of the collision he was driving on the wrong side of the highway and that he failed to yield one-half of the highway to her. Moreover, in the counterclaim subsequently filed by defendant against Maurice J. Cloder, and Zelda Cloder, his wife, defendant reiterated in detail her allegations of Cloder's alleged negligence.

Defendant Horvath contends that the taking of her oral deposition concerning "all matters and things pertaining to the manner and happening of the accident" will not substantially aid additional defendant Cloder in the preparation of his case for trial; that Cloder's complaint clearly sets forth defendant's alleged negligent acts and his version of the happening of the accident which occurred about 11:00 a. m., January 25, 1957; that Cloder, who was an eye-witness to the accident, needs no further information from defendant as to the manner of its happening; that his attempt to subject defendant to oral depositions is only for the purpose of obtaining a preview under oath of defendant's case and is obviously an attempt to substitute discovery proceedings for the regular trial procedure.

Defendant concedes that the Discovery Rules are to be liberally construed but relies upon prior decisions of this court which held that

" . . . where a party is either given or has adequate notice of the acts complained against him, the discovery rules never encompassed the right of a fishing expedition by pre-trial discovery *into his opponent's case* or into his evidence": Cassell v. Morrone, 73 Dauph. 324, 326 (1959), citing Jones v. Cen-Penn Food and Appliance Service, Inc., 2 D. & C. 2d 57, 67 Dauph. 304 (1955), and Basom v. Rosser, 3 D. & C. 2d 631, 68 Dauph. 120 (1955). See also Kulbacki v. Seybold, 4 D. & C. 2d 330, 68 Dauph. 136 (1955).

It is somewhat difficult to controvert defendant's contention that additional defendant desires to engage in "a fishing expedition" in view of the fact that each of the parties was an eye-witness of the accident and each has sworn to a pleading accusing the other of driving on the wrong side of the road at the time of the collision. Moreover, we think there is some merit in defendant's contention that additional defendant already has acquired advance notice of defendant's version of the manner in which this accident occurred. In these circumstances, it is clear that *prior* to the amendment to the Pennsylvania Rules of Civil Procedure by our Supreme Court in 1954, this court would have been required under the *old* Rule 4011(c)(3) (365 Pa. XLIII, supra) to sustain defendant's motion for a protective order restraining additional defendant from interrogating her as to the manner of the happening of the accident, for the reason that the Rule as it then stood forbade discovery of facts which "are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have". On the other hand, despite the lingering doubt we may have in the instant case as to the propriety or necessity for granting discovery, we cannot overlook the *radical change* made by the 1954 amendments (376 Pa. LXXXIX) to the Discovery Rules, whereby the original sub-section (c) of the old Rule 4011 supra was *deleted* therefrom.

The significance of this deletion is emphasized in 4 Goodrich-Amram, §4007(a) 21, page 125:

"It is in the allowance of discovery which will 'substantially aid' the inquirer in 'the preparation or trial of the case', that the 1954 amendments make their great break with the original 1951 Rules. This is emphasized by the simultaneous deletion of all the limiting conditions of the original Rule 4011(c) excepting *'relevancy'*.

"This means that most of the learning, and most of the decisions, under the original Rule 4011(c), will be of historic interest only and will have no value in the interpretation of the 1954 amendments."

It seems that the weight of authority in Pennsylvania now supports the view that when the standards of relevance and substantial aid are met no objection to discovery can be made on the ground that the moving party is seeking a script for trial: 5 Anderson Pa. Civil Practice, 1961, Pocket Part, page 61.

In Sheerer v. Fender, 16 D. & C. 2d 125 (1958), Bucks Co., Judge Satterthwaite held that in an action arising out of an automobile accident defendant has the right, under Pa. R. C. P. 4007(a), to take oral depositions of plaintiff concerning injuries sustained by plaintiff, and the manner in which the accident occurred, including inquiry into matters which might tend to show contributory negligence on his part. In construing Rule 4007(a) as rewritten, supra, the court said (page 126):

"Under this language, . . . the sole problem is whether or not the information defendant seeks of plaintiff is (1) *relevant* to the subject matter of the action, and (2) will *substantially aid* him in the preparation or trial thereof. The affirmative answer to both of these questions is self-evident from the mere statement thereof, and, so long as the Supreme Court retains the language of the present rules, there is no need to labor the point or to debate whether or not counsel should be able to obtain an advance 'script of the trial' from the opposition or whether it is desirable to have 'trial by deposition'."

This case cites nine decisions in other Pennsylvania jurisdictions which recognize the enlarged scope of discovery authorized by the 1954 Rules. In Dorward v. Bowman, 34 Northamp. 108 (1956), President Judge Barthold held that under Pa. R. C. P. 4007 and

4011, as amended, it is no longer ground for denying discovery that the facts are "known to the petitioner". The test under the amended rules is whether the information sought will substantially aid in the preparation of the pleadings or the preparation or trial of the case. To the same effect is the decision of President Judge Alessandroni in McLoughlin v. Moore, 10 D. & C. 2d 257 (1956), Phila. Co.

In one of the first cases decided after the 1954 Rules were adopted, Judge Crumlish of Philadelphia County held that, under the new rules, mere knowledge of the facts on the part of the person seeking discovery is not a bar to inquiry: Robbins v. Lashner, 1 D. & C. 2d 302, 304 (1954). Other cases adopting a liberal view of discovery are: Eisenberg v. Penn Traffic Co., 6 D. & C. 2d 364 (1955), Cambria Co.; Zeldin v. Penn Fruit Company, 89 D. & C. 313 (1954), Phila. Co.; Straub v. Silber, 22 D. & C. 2d 36 (1960), Montgomery Co.; Bealla v. Zuba, 4 D. & C. 2d 545, 548 (1955), Luzerne Co.

In view of the large scope of discovery presently permitted by the 1954 amendments to the rules, we are now unanimously of the view that in the instant case defendant should submit to the requested oral examination and that prior decisions of this court should no longer be deemed controlling in so far as they are in conflict with this opinion.

And now, March 26, 1962, Jeanette Horvath, defendant, is directed to answer on oral examination any questions submitted to her by counsel for Maurice J. Cloder, additional defendant, which are relevant to the subject matter involved in the action and which will substantially aid in the preparation for trial of the case, particularly questions pertaining to the manner in which the accident occurred and questions relating or tending to establish contributory negligence on the part of defendant.